# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JOHNNIE DARNELL PERKINS,** | ) | CASE NO. 7:19CV00817 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **COMMONWEALTH OF VIRGINIA,** | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Johnnie Darnell Perkins, a Virginia inmate proceeding pro se, filed this federal petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He challenges the July 2019 judgment of the Rockingham County Circuit Court under which he stands convicted of a drug offense and sentenced to serve prison time. Perkins' appeal from that judgment is currently pending before the Court of Appeals of Virginia. Upon review of the record, the court concludes that the petition must be summarily dismissed without prejudice, because Perkins has not yet exhausted available state court remedies.

Under 28 U.S.C. § 2254(b), a federal court like this one cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). If a § 2254 petitioner still has available state court proceedings in which he can litigate his habeas claims, the federal court should dismiss his § 2254 petition without prejudice to allow him to exhaust those state court remedies. Slayton v. Smith, 404 U.S. 53, 54 (1971).

Perkins alleges that the prosecution breached his plea agreement, tampered with evidence, and obstructed justice—claims that can be raised on direct appeal, which Perkins is

currently pursuing. If he is unsatisfied with the result in that case, he may then appeal to the Supreme Court of Virginia. Va. Code Ann. § 17.1-411. Perkins' § 2254 petition also alleges that his trial counsel provided ineffective assistance—a claim that generally cannot be raised on direct appeal in Virginia and should be raised, instead, in a petition for a writ of habeas corpus. Lenz v. Commonwealth, 544 S.E.2d 299, 304 (Va. 2001). Under Virginia law, Perkins may file a state habeas petition in the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1); § 17.1-406(B). In the alternative, he can file a state habeas petition directly with the Supreme Court of Virginia. Va. Code Ann. § 8.01-654(A)(1). Whichever route he follows in exhausting state court remedies, Perkins must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them on the merits under § 2254.

Perkins states in his petition that he has filed a direct appeal, and state court records online indicate that it is still pending. He also states that he has not filed any other post-conviction petition, and state court records verify that statement. Because Perkins clearly has available state court remedies through which to present his claims, he has not yet exhausted available state court remedies as required under § 2254(b). Therefore, the court must dismiss his § 2254 petition without prejudice to allow him to return to state court to do so. Slayton, 404 U.S. at 54. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Perkins.

ENTER: This 12th day of December, 2019.

_____
Senior United States District Judge